# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 29, 2010

Lyle W. Cayce
Clerk

No. 10-30084
Summary Calendar

CHEQUITA T. MCGOWAN, Housing Authority of New Orleans (HANO) Employee; TRUDY BARTHE-CHARLES, Housing Authority of New Orleans (HANO) Employee; MICHAEL MOSLEY, Housing Authority of New Orleans (HANO) Employee; NADJA CARR, Housing Authority of New Orleans (HANO) Employee; SANDRA SWEETWYNE, Housing Authority of New Orleans (HANO) Employee; DENNIS BLOSSOM, Housing Authority of New Orleans (HANO) Employee; MACARTHUR SAMUELS, Housing Authority of New Orleans (HANO) Employee; JOMO KENYATTA-BEAN, Housing Authority of New Orleans (HANO) Employee & Employee Relations Committee President,

Plaintiffs - Appellants

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; DEPARTMENT OF STATE CIVIL SERVICE, STATE OF LOUISIANA,

Defendants - Appellees

_____

JOMO KENYATTA-BEAN; CHEQUITA T. MCGOWAN

Plaintiffs - Appellants

v.

DEPARTMENT OF STATE CIVIL SERVICE, STATE OF LOUISIANA

Defendant - Appellee

No. 10-30084

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:08-CV-5241

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

This is an appeal of the district court's dismissal of a *pro se* lawsuit by current and former employees of the New Orleans Housing Authority against the United States Department of Housing and Urban Development (HUD) and the Louisiana Civil Service Commission (LCSC). Common to all plaintiffs are claims that HUD improperly exempted the Housing Authority of New Orleans (HANO) from Louisiana civil service laws and that LCSC improperly acceded to HUD's action. As briefly explained below, we affirm the district court's dismissal.

We first address HUD's liability. HUD took control of HANO, pursuant to 42 U.S.C. § 1437d(g). Under federal law, when HUD takes over a housing authority under § 1437d(g), it may exempt the housing authority from state civil service rules if those rules "substantially impede[]" HUD's efforts to rehabilitate the housing authority. *Id.* § 1437d(j)(3)(D)(i)(V). In April 2008, HUD exempted HANO from Louisiana's civil service rules. The plaintiffs say this action was arbitrary and capricious, in violation of the Administrative Procedure Act, but the undisputed facts do not support this view. HUD's action was based on a memorandum that outlined various impediments to HANO's mission, focusing especially on compensation limits that kept HANO from hiring the employees it needed, such as project managers to rebuild housing stock depleted by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 10-30084

Hurricane Katrina, and substantial administrative burdens involved in both retaining necessary employees and terminating low-performing or unneeded employees.  This memorandum suffices to pass the deferential standard of review for agency action.

Turning to LCSC, once HUD properly exempted HANO from Louisiana's civil service laws, LCSC could no longer enforce those laws.  Even assuming LCSC had a duty to try to convince HUD to change its decision to exempt HANO, the plaintiffs point to no evidence that such efforts would have succeeded.

The judgment of the district court is

AFFIRMED.